IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WAYDE LYNN KURT,                    )
                                    )        Civil No. 06-726-MO
          Petitioner,               )
                                    )
     v.                             )
                                    )
CHARLES DANIELS,                    )        OPINION AND ORDER
                                    )
          Respondent.               )

     Stephen R. Sady
     Chief Deputy Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     Karin J. Immergut
     United States Attorney
     Scott Erik Asphaug
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, OR 97204-2902

          Attorneys for Respondent

///

     1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner, an inmate at FCI-Big Spring, Texas, brings this action pursuant to 28 U.S.C. § 2241. For the reasons set forth below, petitioner's Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On July 14, 2004, a jury in the Eastern District of Washington found petitioner guilty of Theft of Government Property pursuant to 18 U.S.C. § 641, and the court sentenced petitioner to 18 months in prison. He was also convicted of violating the terms of his supervised release and sentenced to 24 months in prison. Petitioner's projected release date, assuming good-time credit, is May 21, 2007.

Petitioner is currently housed at FCI-Big Spring, Texas, a low-security institution. Petitioner remains subject to an active 1996 criminal warrant from Pierce County, Washington for Second Degree Escape and Third Degree Malicious Mischief.

In his Petition, petitioner complains that the Bureau of Prisons ("BOP") placed "false detainers" against him. He argues that these detainers have resulted in his placement in a higher security level institution, and currently preclude him from placement in a Community Corrections Center ("CCC"). Petitioner asks the court to issue an order directing respondent to remove the

allegedly false detainers, and place him in a CCC immediately pursuant to 18 U.S.C. § 3621(b).

Respondent argues that the Petition for Writ of Habeas Corpus should be denied because: (1) petitioner has not exhausted all of his available administrative remedies; (2) any detainer points placed on petitioner's custody classification have since been removed; (3) petitioner has an outstanding criminal warrant for escape and malicious mischief, and thus, pursuant to Program Statement 7310.04(10)(f), is not entitled to placement at a CCC; and (4) petitioner has not been placed at a higher custody institution.

<u>**DISCUSSION**</u>

I.    <u>**Exhaustion of Administrative Remedies**</u>.

It is well settled that federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition. <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986); <u>see also</u> <u>Fendler v. United States Parole Com'n</u>, 774 F.2d 975, 979 (9th Cir. 1985). The exhaustion requirement is not, however, jurisdictional in § 2241 cases. <u>Rivera v. Ashcroft</u>, 394 F.3d 1129, 1139 (9th Cir. 2005). Rather, "[e]xhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." <u>United Farm Workers of America v. Ariz. Agr.</u>

3 - OPINION AND ORDER

<u>Emp. Revl. Bd.</u>, 669 F.2d 1249, 1253 (9th Cir. 1982)(citation omitted); <u>see also</u> <u>Fraley v. United States Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993)(exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official BOP policy and further appeal would almost certainly have been denied based upon the same policy).

For the reasons set forth below, petitioner's claim regarding his custody classification is moot, and the record before the court establishes that petitioner's claims as to CCC placement would have been rejected based upon official BOP policy.   Because the administrative review procedure is futile in this case, the court excuses exhaustion.

**II.  <u>Merits</u>.**

   **A. <u>Custody Classification</u>.**

Petitioner asserts that due to his an outstanding warrant from the State of Washington, his custody classification was improperly elevated resulting in his placement in a higher security institution.   He seeks to have this error corrected.

At the time petitioner filed this habeas corpus case, he did have detainer points on his custody classification based on a State of Washington warrant.   However, those detainer points were subsequently removed, and petitioner is now housed at FCI-Big Spring, a low-security institution.   Accordingly, this claim is now moot.

   4 - OPINION AND ORDER

**B.    <u>CCC Placement</u>.**

Petitioner alleges that the BOP is wrongfully excluding him from placement in a CCC based on his outstanding warrant.    Two statutes are important in addressing this claim: 18 U.S.C. §§ 621(b) and 3624(c).    Section 3621(b) provides:

> (b) Place of imprisonment.-- The Bureau of Prisons shall designate the place of the prisoner's imprisonment.    The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status.    The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner  from one penal or correctional facility to another . . . .

18 U.S.C. § 3621.

Section 3624(c) provides as follows:

> (c) Pre-release custody.-The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percentum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

5 - OPINION AND ORDER

The authority provided by this subsection may be used to place a prisoner in home confinement.  The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624.

These statutes prompted the BOP to promulgate Program Statement ("PS") 7310.04 which provides, in relevant part, that inmates "with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement" will not ordinarily be allowed to participate in CCC programs.  PS 7310.04(10)(f).  Due to petitioner's outstanding misdemeanor warrant, the BOP elected to deny petitioner placement in a CCC.

Petitioner contends that PS 7310.04(10)(f) should not be used to deny petitioner placement in a CCC because: (1) the relevant statutes require the BOP to transfer inmates to CCC housing absent extraordinary circumstances, thus the BOP cannot impose categorical limitations on its exercise of discretion when considering inmates for CCC placement who have outstanding misdemeanor warrants; (2) the BOP granted petitioner a furlough in 2001 to travel to a CCC in Spokane despite the same outstanding warrant now being used to deny him CCC placement; and (3) PS 7310.04(10)(f) is unreasonable and therefore not entitled to deference under Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

///

///

6 - OPINION AND ORDER

1.   <u>Categorical Limitations.</u>

Petitioner contends that in its interpretation of 18 U.S.C. §§ 3621(b) and 3624(c), the BOP impermissibly promulgated PS 7310.04(10)(f) because it rigidly restricts the BOP from placing inmates with unresolved pending charges or detainers in a CCC.

The court does not read PS 7310.04(10)(f) as an absolute restriction on the BOP's discretion to determine inmate eligibility for CCC placement.  Rather, the guideline reads:

> 10.   <u>LIMITATIONS ON ELIGIBILITY FOR ALL CCC REFERRALS</u>. Inmates  in the following categories shall not ***ordinarily*** participate in CCC programs:
>
> * * *
>
> f.    Inmates  with  unresolved  pending  charges,  or detainers, which will likely lead to arrest, conviction, or confinement.

U.S. Dep't of Justice, Federal Bureau of Prisons Program Statement 7310.04 (Dec. 16, 1998)(emphasis added).  Accordingly, the BOP retains some discretion to deviate from the guidelines set forth in PS 7310.04(10).

More importantly, despite petitioner's assertions to the contrary, PS 7310.04(10)(f) tracks closely with one of the enumerated statutory factors set forth in 18 U.S.C. § 3621(b), namely factor three:  the factor requiring consideration of the "history and characteristics of the prisoner."  18 U.S.C. § 3621(b)(3).  Without question, consideration of an inmate's outstanding warrant history falls squarely within the realm of

7 - OPINION AND ORDER

inmate history referred to in § 3621(b)(3). Accordingly, PS 7310.04(10)(f) is neither contradictory nor wholly unrelated to the enumerated factors set forth in § 3621(b).

Petitioner also argues that because respondent denied his request for placement in a CCC based on a single eligibility guideline, rather than all five of the statutory factors, that guideline must be invalid. The court disagrees. The court is unconvinced that because the relevant statute requires the BOP to *consider* all five factors in making CCC placement decisions, the BOP is precluded from denying eligibility based on just one of those factors. Petitioner cites and the court finds no support for the proposition that the BOP must explicitly detail its analysis under each and every statutory factor before determining that an inmate is ineligible for CCC placement. Accordingly, in determining that petitioner was ineligible for CCC placement due to his outstanding warrant, *i.e.*, in consideration of petitioner's individual history as required by § 3621(b)(3), the BOP demonstrated its adherence to the governing statutes.

The best evidence of the flexibility of the BOP's interpretation of the statute may be the fact that petitioner was allowed CCC placement in 2001 despite having an outstanding warrant. This underscores that PS 7310.04(10)(f) is a flexible

8 - OPINION AND ORDER

guideline which allows the BOP to retain some discretion in determining inmate eligibility for CCC placement.[1]

    2.   <u>Abuse of Discretion</u>.

Petitioner also claims that the BOP's refusal to place him in a CCC at the end of his sentence is arbitrary, capricious, and an abuse of discretion. Specifically, petitioner points to the BOP's 2001 decision to place him in a CCC despite the same outstanding warrant which prompted the BOP to deny him such placement in his most recent application.

Petitioner's abuse of discretion argument is based on his assertion that there has been no intervening change in his status since 2001. However, a review of the record indicates that while on supervised release, petitioner was again arrested and sentenced to 18 months in prison for new criminal conduct (Theft of Government Property). Affidavit of J. Luke Yarbar, p. 4. He was also sentenced to 24 months in prison for violating the terms of his supervised release. <u>Id</u>. In connection with an investigation

---

[1]    Even assuming PS 7310.04(10)(f) could be considered a strict and rigid guideline precluding the BOP from making any individualized determinations due to petitioner's outstanding warrants, the Supreme Court has concluded that where a statutory scheme requires individualized determinations, "the decision maker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." <u>Lopez v. Davis</u>, 531 U.S. 230, 244 (2001). The statutes at issue provide no clear expression of Congressional intent to withhold the BOP's rulemaking authority with respect to CCC placement involving inmates with unresolved pending charges or detainers.

of these charges, United States Secret Service agents discovered that petitioner had stated to a supervisor, "If they want a war, they're going to get one. I know where there are weapons, explosives, and an airplane and I'm going to make a fireball out of Spokane." Id at 4-5.

The court identifies petitioner's additional criminal activity as a significant change in status as it alters his criminal history, a history which the BOP is obligated to consider. The new criminal activity and the resulting investigation also suggest that: (1) petitioner might pose a greater risk to the community than was believed in 2001 when he was placed in a CCC; and (2) petitioner did not benefit from the rehabilitative opportunities afforded him by way of a CCC placement in 2001. Accordingly, petitioner's argument that the BOP has abused its discretion is without merit.

    3.  Reasonable Statutory Interpretation Under Chevron.

Petitioner also argues that while a rule denying CCC eligibility to inmates with unresolved detainers may be valid, it is unreasonable under Chevron to deny such eligibility to inmates with outstanding warrants. The initial inquiry with respect to Chevron is "whether Congress has directly spoken to the precise question at issue." Id at 842. Congress has not spoken to the specific question of whether inmates with pending charges or detainers should ordinarily be allowed to participate in the CCC

program. Accordingly, this court must decide whether the BOP "has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" Lopez, 531 U.S. at 242 (quoting NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 257 (1995).

18 U.S.C. § 3621(b)(3) directs the BOP to consider the characteristics and history of the inmate in determining eligibility for CCC placement, but fails to define exactly what characteristics and history are to be considered. The BOP filled this gap with Program Statement 7310.04 which, in part, requires the BOP to consider an inmate's outstanding warrant history. There is a legitimate concern that inmates with pending charges against them might flee from a CCC to avoid the consequences of those charges. Also, as respondent notes in his briefing, the BOP has a concern that releasing an inmate with an outstanding warrant to a CCC might lead to an additional arrest by local law enforcement before the completion of his federal sentence, and that this would result in a violation of the conditions of his community confinement. Given these concerns, and as the BOP is tasked by § 3624 to place inmates in a CCC only "to the extent practicable," the restrictions on inmates with pending charges or detainers contained in 7310.04(10)(f) are reasonable.

///

///

    11 - OPINION AND ORDER

**<u>CONCLUSION</u>**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this   <u>  14th  </u>   day of February, 2007.


<u>   /s/Michael W. Mosman   </u>
        Michael W. Mosman
        United States District Judge

12 - OPINION AND ORDER